UNITED STATES v. LUFKIN RULE CO.

No. 5243.—Invoice dated Belfast, Ireland, March 29, 1940.
        Entered at Saginaw, Mich., April 23, 1940.
        Entry No. B–16.

(Decided May 5, 1941)

*Charles D. Lawrence*, Acting Assistant Attorney General (*Dorothy C. Bennett'* special attorney), for the plaintiff.
Defendant not represented by counsel.

BROWN, Judge: This case was heard in Detroit, Mich., on December 13, 1940.

This importation consisting of linen yarns was entered at Saginaw, Mich., a subport of the port of Detroit, at the invoice prices less charges representing export values and appraised at those values by J. E. Sumner, examiner and acting appraiser.

When the appraisement was reviewed at the headquarters port of Detroit it was discovered that at the extreme right-hand margin of the invoice there was a column headed "Home Market Value or Current Selling Prices at Date of Exportation" in which column were listed prices higher than the export values. It appears that the importer on entering and the examiner and acting appraiser at Saginaw on appraising overlooked these home-market values and now that the error has been discovered the Government brings this appeal to have the yarns valued at the higher figures.

From the statement of Herman F. Kraus, for the importer, the entry at the invoice prices rather than at the higher home-market values was due entirely to his overlooking the column listing these latter values and to his unfamiliarity with customs procedure and was without any intention to deceive any one or to defraud the revenues of the United States. This was confirmed by the testimony of Theodore Hurwitz, the appraiser at Detroit, who discovered the error, and who testified that he had passed on other invoices from this foreign manufacturer, the York Street Flax Spinning Co., and had found that the invoice prices had corresponded to the foreign-market values and to the prices set forth in a periodically published price list for sales made in the home market at dates of exportation.

It is obvious that it was due to this fact that previously the invoice prices and the foreign values had always agreed that the notation showing the difference in this particular shipment was overlooked and entry at invoice prices made without any intention to deceive or defraud.

I therefore find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are:

|  |  | Sterling Per pound |
|---|---|---|
| Item No. | TSS 14/1 | 42d |
| " " | TSS 20/1 | 50d |
| " " | TSS 30/1 | 69d |
|  | less | 5% |
|  | Plus cases as invoiced. | |

Judgment will be rendered accordingly.